Fred W. Schwinn (SBN 225575)
CONSUMER LAW CENTER, INC.
12 South First Street, Suite 1014
San Jose, California 95113-2418
Telephone Number: (408) 294-6100
Facsimile Number: (408) 294-6190
Email Address: fred.schwinn@sjconsumerlaw.com

Attorneys for Plaintiff
YVONNE AGNES SCOTT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| YVONNE AGNES SCOTT,<br><br>             Plaintiff,<br><br>     v.<br><br>FEDERAL BOND AND COLLECTION SERVICE, INC., D/B/A FBCS, INC., a Pennsylvania corporation; JOSEPH NEARY, individually and in his official capacity; and OSIRIS HOLDINGS, LLC, a Maryland limited liability corporation,<br><br>             Defendants. | Case No. CV10-02825-PVT<br><br>**FIRST AMENDED COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL**<br><br>15 United States Code § 1692 *et seq*.<br>California Civil Code § 1788 *et seq*.<br>California Civil Code § 1812.700 *et seq*. |

Plaintiff, YVONNE AGNES SCOTT (hereinafter "Plaintiff"), based on information and belief and investigation of counsel, except for those allegations which pertain to the named Plaintiff or her attorneys (which are alleged on personal knowledge), hereby makes the following allegations:

**I. INTRODUCTION**

1. This is an action for statutory damages, attorney fees and costs brought by an individual consumer for Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. (hereinafter "FDCPA"), and the Rosenthal Fair Debt Collection Practices Act, California Civil Code § 1788 *et seq*. (hereinafter "RFDCPA") which prohibit debt collectors from engaging in abusive, deceptive and unfair practices.

2. According to 15 U.S.C. § 1692:

   a. There is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.

   b. Existing laws and procedures for redressing these injuries are inadequate to protect consumers.

   c. Means other than misrepresentation or other abusive debt collection practices are available for the effective collection of debts.

   d. Abusive debt collection practices are carried on to a substantial extent in interstate commerce and through means and instrumentalities of such commerce. Even where abusive debt collection practices are purely intrastate in character, they nevertheless directly affect interstate commerce.

   e. It is the purpose of this title to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

## II. JURISDICTION

3. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1337, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202.

4. This action arises out of Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA").

- 2 -

FIRST AMENDED COMPLAINT                              Case No. CV10-02825-PVT

### III. VENUE

5.   Venue in this judicial district is proper pursuant to 28 U.S.C. § 1391(b), in that a substantial part of the events or omissions giving rise to the claim occurred in this judicial district. Venue is also proper in this judicial district pursuant to 15 U.S.C. § 1692k(d), in that Defendants transact business in this judicial district and the violations of the FDCPA complained of occurred in this judicial district.

### IV. INTRADISTRICT ASSIGNMENT

6.   This lawsuit should be assigned to the San Jose Division of this Court because a substantial part of the events or omissions which gave rise to this lawsuit occurred in Santa Clara County.

### V. PARTIES

7.   Plaintiff, YVONNE AGNES SCOTT (hereinafter "Plaintiff"), is a natural person residing in Santa Clara County, California. Plaintiff is a "consumer" within the meaning of 15 U.S.C. § 1692a(3) and a "debtor" within the meaning of Cal. Civil Code § 1788.2(h).

8.   Defendant, FEDERAL BOND AND COLLECTION SERVICE, INC., D/B/A FBCS, INC. (hereinafter "FBCS"), is a Pennsylvania corporation engaged in the business of collecting debts in this state with its principal place of business located at: 2200 Byberry Road, Suite 120, Hatboro, Pennsylvania 19040-3738. FBCS may be served as follows: Federal Bond and Collection Service, Inc., c/o Joseph Neary, President, 2200 Byberry Road, Suite 120, Hatboro, Pennsylvania 19040-3738 . The principal business of FBCS is the collection of debts using the mails and telephone, and FBCS regularly attempts to collect debts alleged to be due another. FBCS is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6) and Cal. Civil Code § 1788.2(c). FBCS is a third-party debt collector subject to the federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*.

9.     Defendant, JOSEPH NEARY (hereinafter "NEARY"), is a natural person and is or was an employee, agent, officer and/or director of FBCS at all relevant times.  NEARY may be served at his current business address at: Joseph Neary, Federal Bond and Collection Service, Inc., 2200 Byberry Road, Suite 120, Hatboro, Pennsylvania  19040.  Plaintiff is informed and believes, and thereon alleges that NEARY is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6) and Cal. Civil Code § 1788.2(c).  NEARY is a third-party debt collector subject to the federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*.  Plaintiff is informed and believes, and thereon alleges that NEARY is liable for the acts of FBCS because he sets and approves FBCS collection policies, practices, procedures and he directed the unlawful activities described herein.

10.     Defendant, OSIRIS HOLDINGS, LLC (hereinafter "OSIRIS"), is a Maryland limited liability corporation engaged in the business of collecting debts in this state, with its principal place of business located at: 2400 York Road, Suite 200, Timonium, Maryland  21093.  OSIRIS may be served as follows:  Osiris Holdings, LLC, c/o Daryl J. Sidle, Resident Agent, 120 East Baltimore Street, Suite 2100, Baltimore, Maryland  21202.  The principal business of OSIRIS is the collection of debts using the mails and telephone, and OSIRIS regularly attempts to collect debts alleged to be originally due another.  OSIRIS is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6) and Cal. Civil Code § 1788.2(c).  OSIRIS is a third-party debt collector subject to the federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*.  OSIRIS is vicariously liable to Plaintiff for the acts of FBCS.[1]

11.     At all times herein mentioned, each of the Defendants was an officer, director, agent, servant, employee and/or joint venturer of his/her co-defendants, and each of them, and at all said times, each Defendant was acting in the full course and scope of said office, directorship, agency, service, employment and/or joint venture.  Any reference hereafter to "Defendants" without further

---

[1] See, *Fox v. Citicorp Credit Servs.*, 15 F.3d 1507, 1516 (9th Cir. 1994) ("[W]e must conclude that Congress intended the actions of an attorney to be imputed to the client on whose behalf they are taken") and *Martinez v. Albuquerque Collection Servs.*, 867 F.Supp. 1495, 1502 (D. N.M. 1994) ("Debt collectors employing attorneys or other agents to carry out debt collection practices that violate the FDCPA are vicariously liable for their agent's conduct").

qualification is meant by Plaintiff to refer to each Defendant, and all of them, named above.

## VI.  FACTUAL ALLEGATIONS

12. On a date or dates unknown to Plaintiff, Plaintiff is alleged to have incurred a financial obligation, namely a consumer credit account issued by Continental Bank and bearing the account number XXXX-XXXX-XXX4-6430 (hereinafter "the alleged debt").  The alleged debt was incurred primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5) and a "consumer debt" as that term is defined by Cal. Civil Code § 1788.2(f).

13. Plaintiff is informed and believes, and thereon alleges that sometime thereafter on a date unknown to Plaintiff, the alleged debt was sold, assigned, or otherwise transferred to OSIRIS.

14. Sometime thereafter on a date unknown to Plaintiff, the alleged debt was consigned, placed or otherwise transferred to FBCS and NEARY for collection from Plaintiff.

15. Thereafter, Defendants sent a collection letter (Exhibit "1") to Plaintiff which is a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

16. The collection letter (Exhibit "1") is dated August 27, 2009.

17. The collection letter (Exhibit "1") was the first written communication from Defendants to Plaintiff in connection with the collection of the alleged debt.

18. The collection letter (Exhibit "1") states, in relevant part:

> This is an attempt to collect a debt and any information obtained will be used for that purpose.  This is a communication from a debt collector.  Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid.  If you notify this office within 30 days from receiving this notice, this office will: obtain verification of the debt or obtain a copy of a judgement [sic] and mail you a copy of such judgment of or verification.  If you request this office within 30 days after receiving this notice, this office will provide you the name and address of the original creditor, if different from the current creditor.

19. The collection letter (Exhibit "1") does not include the notice required by Cal. Civil Code § 1812.700(a).

20. Plaintiff is informed and believes, and thereon alleges that Defendants have sent standard form collection letters in the form of Exhibit "1" to more than 40 persons in California in the one-year preceding the filing of this Complaint. Therefore, Plaintiff may seek leave to amend this Complaint to add class allegations at a later date.

## VII.  CLAIMS

### FAIR DEBT COLLECTION PRACTICES ACT

21. Plaintiff brings the first claim for relief against Defendants under the Federal Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*

22. Plaintiff repeats, realleges, and incorporates by reference all preceding paragraphs as though fully set forth herein.

23. Plaintiff is a "consumer" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(3).

24. Defendant, FBCS, is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(6).

25. Defendant, NEARY, is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(6).

26. Defendant, OSIRIS, is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(6).

27. The financial obligation alleged to be originally owed to Continental Bank by Plaintiff is a "debt" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(5).

28. The collection letter (Exhibit "1") described above violates the FDCPA. The

violations include, but are not limited to, the following:

    a. Defendants misrepresented Plaintiff's right to obtain a copy of the debt verification or judgment against her, in violation of 15 U.S.C. §§ 1692e and 1692e(10);

    b. Defendants misrepresented Plaintiff's right to obtain the name and address of the original creditor, if it is different than the current creditor, in violation of 15 U.S.C. §§ 1692e and 1692e(10);

    c. Defendants failed to send Plaintiff a written notice containing a statement that if Plaintiff notifies Defendants *in writing* within the thirty-day period that the debt, *or any portion thereof, is disputed*, Defendants would obtain verification of the debt and that a copy of the verification would be mailed to Plaintiff, in violation of 15 U.S.C. § 1692g(a)(4); and

    d. Defendants failed to send Plaintiff a written notice containing a statement that upon Plaintiff's *written* request, Defendants would provide Plaintiff with the name and address of the original creditor, if different from the current creditor, in violation of 15 U.S.C. § 1692g(a)(5).

29. Defendants' acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

30. As a result of Defendants' violations of the FDCPA, Plaintiff is entitled to an award of statutory damages, costs and reasonable attorneys fees, pursuant to 15 U.S.C. § 1692k.

## ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

31. Plaintiff brings the second claim for relief against Defendants under the Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), Cal. Civil Code §§ 1788-1788.33.

32. Plaintiff repeats, realleges, and incorporates by reference all preceding paragraphs as though fully set forth herein.

33.     Plaintiff is a "debtor" as that term is defined by the RFDCPA, Cal. Civil Code § 1788.2(h).

34.     Defendant, FBCS is a "debt collector" as that term is defined by the RFDCPA, Cal. Civil Code § 1788.2(c).

35.     Defendant, NEARY is a "debt collector" as that term is defined by the RFDCPA, Cal. Civil Code § 1788.2(c).

36.     Defendant, OSIRIS is a "debt collector" as that term is defined by the RFDCPA, Cal. Civil Code § 1788.2(c).

37.     The financial obligation alleged to be originally owed to Continental Bank by Plaintiff is a "consumer debt" as that term is defined by the RFDCPA, Cal. Civil Code § 1788.2(f).

38.     The collection letter (Exhibit "1") described above violates the RFDCPA. The violations include, but are not limited to, the following:

    a.     Defendants misrepresented Plaintiff's right to obtain a copy of the debt verification or judgment against her, in violation of Cal. Civil Code § 1788.17;[2]

    b.     Defendants misrepresented Plaintiff's right to obtain the name and address of the original creditor, if it is different than the current creditor, in violation of Cal. Civil Code § 1788.17;[3]

    c.     Defendants failed to send Plaintiff a written notice containing a statement that if Plaintiff notifies Defendants *in writing* within the thirty-day period that the debt, *or any portion thereof, is disputed*, Defendants would obtain verification of the debt and that a copy of the verification would be mailed to Plaintiff, in violation of Cal. Civil Code § 1788.17;[4] and

    d.     Defendants failed to send Plaintiff a written notice containing a statement

---

[2] 15 U.S.C. §§ 1692e and 1692e(10).
[3] 15 U.S.C. §§ 1692e and 1692e(10).
[4] 15 U.S.C. § 1692g(a)(4).

- 8 -

FIRST AMENDED COMPLAINT              Case No. CV10-02825-PVT

that upon Plaintiff's *written* request, Defendants would provide Plaintiff with the name and address of the original creditor, if different from the current creditor, in violation of Cal. Civil Code § 1788.17.[5]

39. Defendants' acts as described above were done willfully and knowingly with the purpose of coercing Plaintiff to pay the alleged debt, within the meaning of Cal. Civil Code § 1788.30(b).

40. As a result of Defendants' willful and knowing violations of the RFDCPA, Plaintiff is entitled to an award of a statutory penalty in an amount not less than one hundred dollars ($100) nor greater than one thousand dollars ($1,000) against each Defendant, pursuant to Cal. Civil Code § 1788.30(b).

41. As a result of Defendants' violations of the RFDCPA, Plaintiff is entitled to an Plaintiff statutory damages in an amount not to exceed $1,000 against each Defendant, pursuant to Cal. Civil Code § 1788.17.[6]

42. As a result of Defendants' violations of the RFDCPA, Plaintiff is entitled to an award of reasonable attorney's fees and costs pursuant to Cal. Civil Code §§ 1788.30(c) and 1788.17.[7]

43. Pursuant to Cal. Civil Code § 1788.32, the remedies provided under the RFDCPA are intended to be cumulative and in addition to any other procedures, rights or remedies that the Plaintiff may have under any other provision of law.

**CALIFORNIA CONSUMER COLLECTION NOTICE**

44. Plaintiff brings the third claim for relief against Defendants under Cal. Civil Code §§ 1812.700-1812.702.

45. Plaintiff repeats, realleges, and incorporates by reference all preceding paragraphs

---

[5] 15 U.S.C. § 1692g(a)(5).
[6] 15 U.S.C.§ 1692k(a)(2)(A).
[7] 15 U.S.C.§ 1692k(a)(3).

as though fully set forth herein.

46. Plaintiff is a "debtor" as that term is defined by the RFDCPA, Cal. Civil Code § 1788.2(h).

47. Defendant, FBCS, is a third-party debt collector subject to the federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*.

48. Defendant, NEARY, is a third-party debt collector subject to the federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*.

49. Defendant, OSIRIS, is a third-party debt collector subject to the federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*.

50. The financial obligation alleged to be originally owed to Continental by Plaintiff is a "debt" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(5), and a "consumer debt" as that term is defined by the RFDCPA, Cal. Civil Code § 1788.2(f).

51. Defendants failed to include the "Consumer Collection Notice" required by Cal. Civil Code § 1812.700(a) in their first written notice initially addressed to Plaintiff.

52. Defendants' acts as described above were done willfully and knowingly with the purpose of coercing Plaintiff to pay the alleged debt, within the meaning of Cal. Civil Code § 1788.30(b).

53. As a result of Defendants' willful and knowing violations of Cal. Civil Code § 1812.700(a), Plaintiff is entitled to an award of a statutory penalty in an amount not less than one hundred dollars ($100) nor greater than one thousand dollars ($1,000) against each Defendant, pursuant to Cal. Civil Code § 1812.702.[8]

54. As a result of Defendants' violations of Cal. Civil Code § 1812.700(a), Plaintiff is entitled to an award of statutory damages in an amount not to exceed $1,000 against each Defendant,

---

[8] Cal. Civil Code § 1788.30(b).

pursuant to Cal. Civil Code § 1812.702.[9]

55. As a result of Defendants' violations of Cal. Civil Code § 1812.700(a), Plaintiff is entitled to an award of reasonable attorney's fees and costs pursuant to Cal. Civil Code § 1812.702.[10]

56. Pursuant to Cal. Civil Code § 1788.32, the remedies provided under Cal. Civil Code §§ 1788.17 and 1788.30(c) are intended to be cumulative and in addition to any other procedures, rights or remedies that Plaintiff may have under any other provision of law.

## VIII.  REQUEST FOR RELIEF

Plaintiff requests that this Court:

a. Assume jurisdiction in this proceeding;

b. Declare that Defendants' collection letter attached hereto as Exhibit "1" violates the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692e, 1692e(10), 1692g(a)(4) and 1692g(a)(5);

c. Declare that Defendant's collection letter attached hereto as Exhibit "1" violates the Rosenthal Fair Debt Collection Practices Act, Cal. Civil Code § 1788.17;

d. Award Plaintiff statutory damages in an amount not exceeding $1,000 pursuant to 15 U.S.C. § 1692k(a)(2)(A);

e. Award Plaintiff a statutory penalty in an amount not less than $100 nor greater than $1,000 against each Defendant, pursuant to Cal. Civil Code § 1788.30(b);

f. Award Plaintiff statutory damages in an amount not exceeding $1,000 against each Defendant, pursuant to Cal. Civil Code § 1788.17;[11]

g. Award Plaintiff a statutory penalty in an amount not less than $100 nor greater than $1,000 against each Defendant, pursuant to Cal. Civil Code § 1788.30(b);

---

[9] Cal. Civil Code § 1788.17, incorporating 15 U.S.C. § 1692k(a)(2)(A) by reference.
[10] Cal. Civil Code §§ 1788.30(c) and 1788.17, incorporating 15 U.S.C. § 1692k(a)(3) by reference.
[11] 15 U.S.C. § 1692k(a)(2)(A).

- 11 -

FIRST AMENDED COMPLAINT                                      Case No. CV10-02825-PVT

      h.    Award Plaintiff statutory damages in an amount not exceeding $1,000 against each Defendant, pursuant to Cal. Civil Code § 1812.702;[12]

      i.    Award Plaintiff the costs of this action and reasonable attorneys fees pursuant to 15 U.S.C.§ 1692k(a)(3) and Cal. Civil Code §§ 1788.30(c) and 1788.17; and

      j.    Award Plaintiff such other and further relief as may be just and proper.

CONSUMER LAW CENTER, INC.

By: /s/ Fred W. Schwinn
Fred W. Schwinn, Esq.
Attorney for Plaintiff
YVONNE AGNES SCOTT

## CERTIFICATION PURSUANT TO CIVIL L.R. 3-16

Pursuant to Civil L.R. 3-16, the undersigned certifies that as of this date, other than the named parties, there is no such interest to report.

/s/ Fred W. Schwinn
Fred W. Schwinn, Esq.

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, YVONNE AGNES SCOTT, hereby demands a trial by jury of all triable issues of fact in the above-captioned case.

/s/ Fred W. Schwinn
Fred W. Schwinn, Esq.

---

[12] Cal. Civil Code § 1788.17, incorporating 15 U.S.C. § 1692k(a)(2)(A) by reference.