Fred W. Schwinn (SBN 225575)
CONSUMER LAW CENTER, INC.
12 South First Street, Suite 1014
San Jose, California 95113-2418
Telephone Number: (408) 294-6100
Facsimile Number: (408) 294-6190
Email Address: fred.schwinn@sjconsumerlaw.com

Attorney for Plaintiff
YVONNE AGNES SCOTT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| YVONNE AGNES SCOTT,<br><br>               Plaintiff,<br>v.<br><br>FEDERAL BOND AND COLLECTION SERVICE, INC., D/B/A FBCS, INC., a Pennsylvania corporation; JOSEPH NEARY, individually and in his official capacity; and OSIRIS HOLDINGS, LLC, a Maryland limited liability corporation,<br><br>               Defendants. | Case No. CV10-02825-LHK-PSG<br><br>**PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS ENTIRE ACTION PURSUANT TO FRCP 12(b)(1)**<br><br>[Fed. R. Civ. P. 12(b)(1)]<br><br>Date:        January 20, 2011<br>Time:       1:30 p.m.<br>Judge:      Honorable Lucy H. Koh<br>Courtroom:  4, 5th Floor<br>Place:       280 South First Street<br>                San Jose, California |

COMES NOW Plaintiff, YVONNE AGNES SCOTT (hereinafter "Plaintiff"), by and through her attorney Fred W. Schwinn of the Consumer Law Center, Inc., and hereby submits her <u>Memorandum of Points and Authorities in Opposition to Defendants' Motion to Dismiss Entire Action Pursuant to FRCP 12(b)(1)</u> filed herein.

## I. INTRODUCTION

This action was brought to redress Defendants' false, misleading and abusive attempts to collect an alleged consumer debt.  Plaintiff alleges that Defendants violated the federal Fair Debt Collection Practices Act (hereinafter "FDCPA"), and the California Rosenthal Fair Debt Collection Practices Act

(hereinafter "RFDCPA"), both of which prohibit debt collectors from engaging in unfair and deceptive practices.

## II. NATURE OF THE CASE

Generally, Plaintiff is alleged to have owed a consumer debt which was sold, assigned or otherwise transferred to Defendants. Thereafter, Defendants sent a collection letter to Plaintiff in an attempt to collect the debt. Defendants' collection letter states in relevant part:

> This is an attempt to collect a debt and any information obtained will be used for that purpose. This is a communication from a debt collector. Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office within 30 days from receiving this notice, this office will: obtain verification of the debt or obtain a copy of a judgement [sic] and mail you a copy of such judgment of or verification. If you request this office within 30 days after receiving this notice, this office will provide you the name and address of the original creditor, if different from the current creditor.

Plaintiff contends that Defendants misrepresented Plaintiff's right to obtain a copy of the debt verification or judgment against her, in violation of 15 U.S.C. §§ 1692e and 1692e(10).

Plaintiff contends that Defendants misrepresented Plaintiff's right to obtain the name and address of the original creditor, if it is different than the current creditor, in violation of 15 U.S.C. §§ 1692e and 1692e(10).

Plaintiff contends that Defendants failed to send Plaintiff a written notice containing a statement that if Plaintiff notifies Defendants *in writing* within the thirty-day period that the debt, or any portion thereof, is disputed, Defendants would obtain verification of the debt and that a copy of the verification would be mailed to Plaintiff, in violation of 15 U.S.C. § 1692g(a)(4).

Plaintiff also contends that Defendants failed to send Plaintiff a written notice containing a statement that upon Plaintiff's *written request*, Defendants would provide Plaintiff with the name and address of the original creditor, if different from the current creditor, in violation of 15 U.S.C. §

1692g(a)(5).

Finally, Plaintiff contends that Defendants failed to include the notice required by Cal. Civil Code § 1812.700(a) in their first written notice to Plaintiff. Defendants argue that they "cured" this violation, but Plaintiff disagrees.

### III. STANDARD OF REVIEW

Defendants have filed a motion to dismiss this action pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure because, according to Defendants, Plaintiff's action is now moot, due to Plaintiff's rejection of Defendants' Rule 68 offer of judgment. However, "[t]he burden of demonstrating mootness 'is a heavy one.'"[1] "In reviewing a Federal Rule of Civil Procedure 12(b)(1) motion to dismiss for lack of subject matter jurisdiction, [a] court accepts the allegations in Plaintiffs' complaint as true and draws all reasonable inferences in their favor."[2] The material facts alleged in the Complaint are not in dispute. Defendants' argument for mootness turns entirely upon the determination of whether: a) Defendants' Rule 68 Offer of Judgment provides a full recovery to Plaintiff, *and* b) if so, whether that circumstance moots Plaintiff's action and entitles Defendants to a dismissal of the action with no recovery to the Plaintiff. Plaintiff argues that neither of Defendants' two propositions is legally justified.

### IV. ARGUMENT

**1. An award of attorney fees and costs in favor of a successful FDCPA Plaintiff is mandatory.**

The FDCPA provides that:

> in the case of any successful action to enforce the foregoing liability, the costs of the action, together with a reasonable attorney's fee as determined by the court.[3]

"The FDCPA's statutory language makes an award of fees mandatory."[4] Nothing in Fed. R. Civ. P. 68

---

[1] *County of Los Angeles v. Davis*, 440 U.S. 625, 631 (1979).
[2] *Z.F. v. Ripon Unified Sch. Dist.*, 365 Fed. Appx. 77, 79 (9th Cir. 2010); See also, *Wolfe v. Strankman*, 392 F.3d 358, 362 (9th Cir. 2004); and *Bollard v. California Province of the Soc'y of Jesus*, 196 F.3d 940, 945 (9th Cir. 1999).
[3] 15 U.S.C. § 1692k(a)(3).
[4] *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 978 (9th Cir. 2008).

or the FDCPA authorizes a Rule 68 Offer of Judgment that cuts off a successful Plaintiff's ability to recover her post-offer attorney fees and costs.

**2. Defendants cannot moot an FDCPA case with a Rule 68 offer that cuts off post-offer attorney fees and costs.**

While Defendants' Rule 68 Offer of Judgment is not invalid or otherwise improper, failing to accept the offer does not moot this case.[5]

In *McKenna v. Nat'l Action Fin. Servs.*,[6] a FDCPA "Defendant limited its Offer to reasonable attorney's fees and costs 'as of the date of this offer'"[7] and then filed a motion alleging that dismissal was required because the plaintiff failed to accept Defendant's Rule 68 Offer of Judgment. In denying the motion, the Southern District of Florida court held:

> Defendant has attempted to prevent Plaintiff's Counsel from recovering fees he may reasonably incur after the date of the Offer. Rather than leave the issue of fees in the sound discretion of the Court, Defendant's Offer, if accepted, would prevent Plaintiff's Counsel from recovering fees incurred in filing a Motion For Attorney's Fees. Although the time required to prepare such a motion is minimal, the Court must take this expense into consideration to determine whether the Offer fully satisfied Plaintiff's claims and costs. Accordingly, Defendant's Offer Of Judgment does not satisfy Plaintiff's entire claim.[8]

In denying a similar motion to dismiss, the same court in *Pollock v. Bay Area Credit Serv., LLC*,[9] held:

> The Court finds that, interpreted against the drafter, the offer does not provide complete relief to Plaintiff as it does not encompass attorneys' fees and costs incurred after the offer was made. The FDCPA provides for "the costs of the action, together with a reasonable attorney's fee as determined by the court." 15 U.S.C. § 1692k(a)(3).[10]

Finally, in a recent Middle District of Pennsylvania case the court held:

> An award of reasonable attorney's fees, which may include fees for time that counsel

---

[5] See, *Bogner v. Masari Invs.*, LLC, 2009 U.S. Dist. LEXIS 45311 at *4 (D. Ariz. May 19, 2009) ("Plaintiffs assert that the judgment offered by Defendants would not make Plaintiffs whole because it does not provide the maximum amount of costs and attorney fees Plaintiffs are entitled to recover under the FDCPA. This may be a sufficient reason for rejecting the Rule 68 offer or opposing a motion to dismiss, but it does not render the offer invalid or otherwise improper.").
[6] 2008 U.S. Dist. LEXIS 45515 (S.D. Fla. June 10, 2008).
[7] *Id*. at *1.
[8] *Id*. at *2-3.
[9] 2009 U.S. Dist. LEXIS 71169 (S.D. Fla. Aug. 12, 2009).
[10] *Id*. at *17.

spent preparing a fee petition, is mandatory under the FDCPA. The Act specifically distinguishes attorney's fees from costs; thus, the cost shifting provisions of Rule 68 do not apply. While a plaintiff can agree to bargain away a fee award, his refusal to do so does not render the claim moot. Here, by cutting off the date upon which attorney's fees may accrue, Defendant's offer of judgment did not provide for full relief under the FDCPA and the motion for summary judgment will be denied.[11]

Because Defendants Rule 68 Offer of Judgment limits the Plaintiff's ability to seek <u>any</u> post-offer attorney fees or costs, Defendants' offer does not provide for full relief under the FDCPA nor does it deprive Plaintiff of Article III standing in this Court.

**3. Defendants' Rule 68 Offer of Judgment does not provide for a full recovery under the RFDCPA.**

Unlike the FDCPA which limits statutory damages to $1,000 per action, California's RFDCPA contains no such limitation. "Unlike the FDCPA, the California Act provides that 'any debt collector' shall be liable for up to $ 1,000."[12] Because Plaintiff has RFDCPA claims against three (3) debt collectors in this case, her maximum recovery under the RFDCPA alone exceeds the Defendants' Rule 68 Offer of Judgment. While Plaintiff may not ultimately recover all the statutory damages that are available at trial, this does not diminish the fact that Defendants have not offered the case-mooting "full recovery" they claim.

**4. The cases on which Defendants rely do not support the relief they seek.**

Defendants rely on *Greif v. Wilson, Elser, Moskowitz, Edelman & Dicker, LLP*,[13] and *Ambalu v. Rosenblatt* [14] to support their request that this Court dismiss Plaintiff's First Amended Complaint without any recovery to the Plaintiff. Despite Defendants' representation that the courts in *Greif* and *Ambalu* dismissed plaintiff's FDCPA claim "for lack of subject matter jurisdiction after plaintiff rejected a Rule 68 offer which offered him the maximum [s]he could have recovered in the action,"[15]

---

[11] *Andrews v. Prof'l Bureau of Collections of Md., Inc.*, 2010 U.S. Dist. LEXIS 119492 at *9-10 (M.D. Pa. Nov. 9, 2010).
[12] *Kenyon v. Prof'l Credit Control*, 2010 U.S. Dist. LEXIS 4493 (E.D. Cal. Jan. 20, 2010).
[13] 258 F.Supp.2d 157, 159 (E.D.N.Y. 2003).
[14] 194 F.R.D. 451, 452-53 (E.D.N.Y. 2000).
[15] <u>Defendants' Notice of Motion and Motion to Dismiss Plaintiff's Entire Action Pursuant to FRCP 12(b)(1); Memorandum of Points and Authorities in Support of Motion</u> (Doc. 34) at 4:22-25 and 5:4-5.

neither case was dismissed without a recovery to the Plaintiff as Defendants seek here. In both of the cases cited by Defendants, the court was asked to order the plaintiff to accept the Rule 68 Offer. The Court granted the motions and entered judgments against the Defendants in the amount of the respective Rule 68 Offer and retained jurisdiction to determine the reasonable amount of attorney fees and costs to be awarded pursuant to each Rule 68 Offer of Judgment. This is not the relief sought by the Defendants in the case before this Court.

Even if "Defendants' Rule 68 offer represented full satisfaction of plaintiff's claim,"[16] which it certainly does not, dismissal of the action without a recovery to the Plaintiff is not the appropriate remedy.

## V. CONCLUSION

For the foregoing reasons, Plaintiff requests that the Court deny Defendants' Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(1). If and when Defendants' choose to make a Rule 68 Offer of Judgment which provides Plaintiff the <u>full</u> relief she is entitled to recover, Plaintiff will accept it. Until that time, Plaintiff has no choice but to litigate this case to Judgment.

CONSUMER LAW CENTER, INC.

Dated: December 30, 2010     By: /s/ Fred W. Schwinn
    Fred W. Schwinn, Esq.
    Attorney for Plaintiff
    YVONNE AGNES SCOTT

---

[16] *Id*. at 6:14-15.