UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| YVONNE AGNES SCOTT,<br><br>                  Plaintiff,<br>    v.<br><br>FEDERAL BOND AND COLLECTION SERVICE, INC., D/B/A FBCS, INC., a Pennsylvania corporation; JOSEPH NEARY, individually and in his official capacity; and OSIRIS HOLDINGS, LLC, a Maryland limited liability corporation,<br><br>                  Defendants. | Case No.: 10-CV-02825-LHK<br><br>ORDER DENYING MOTION TO DISMISS; GRANTING IN PART AND DENYING IN PART MOTION TO STRIKE |

Currently before the Court are Defendants' motion to dismiss the action pursuant to Federal Rule 12(b)(1) on grounds that the action is now moot, and Plaintiff's motion to strike affirmative defenses contained in the Answer of Defendant Osiris Holdings, LLC. Pursuant to Civil Local Rule 7-1(b), the Court finds that this motion is appropriate for determination without oral argument. Having considered the submissions of the parties and the relevant law, the Court DENIES Defendants' motion to dismiss without prejudice, and GRANTS in part and DENIES in part Plaintiff's motion to strike. Accordingly, the hearing on the parties' motions is VACATED. However, the Court will hold the Case Management Conference as scheduled on January 20, 2011.

1

Case No.: 10-CV-02825-LHK
ORDER DENYING MOTION TO DISMISS; GRANTING IN PART AND DENYING IN PART MOTION TO STRIKE

## I. Background

This action arises out of Defendants' attempt to collect a debt allegedly owed by Plaintiff Yvonne Agnes Scott on a consumer credit account issued by Continental Bank. First Amended Complaint ("FAC") ¶ 12. Plaintiff alleges, on information and belief, that the debt was first sold, assigned, or otherwise transferred to Defendant Osiris Holdings, LLC ("Osiris"), and then consigned, placed, or otherwise transferred to Defendants Federal Bond and Collection Service, Inc. ("FBCS") and Joseph Neary ("Neary"). FAC ¶¶ 13-14. In an attempt to collect the alleged debt from Plaintiff, Defendants sent Plaintiff a collection letter dated August 27, 2009. The collection letter reads, in relevant part:

> This is an attempt to collect a debt and any information obtained will be used for that purpose. This is a communication from a debt collector. Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office within 30 days from receiving this notice, this office will: obtain verification of the debt or obtain a copy of a judgement [sic] and mail you a copy of such judgment of or verification. If you request this office within 30 days after receiving this notice, the office will provide you the name and address of the original creditor, if different from the current creditor.

FAC, Ex. 1.

Plaintiff's FAC contains three claims for relief. First, Plaintiff alleges that the collection letter violated the federal Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, by (1) misrepresenting Plaintiff's right to obtain a copy of the debt verification or judgment against her, in violation of 15 U.S.C. §§ 1692e, 1692e(10); (2) misrepresenting Plaintiff's right to obtain the name and address of the original creditor, if different from the current creditor, in violation of 15 U.S.C. §§ 1692e, 1692e(10); (3) failing to send a written notice containing a statement that if Plaintiff notifies Defendants *in writing* that the debt, or any portion thereof, is disputed, Defendants would obtain verification of the debt and mail Plaintiff a copy, in violation of 15 U.S.C. § 1692g(a)(4); and (4) failing to send Plaintiff a written notice containing a statement that upon Plaintiff's *written* request, Defendants would provide Plaintiff with the name and address of the original creditor, if different from the current creditor, in violation of 15 U.S.C. § 1692g(a)(5).

2

Case No.: 10-CV-02825-LHK
ORDER DENYING MOTION TO DISMISS; GRANTING IN PART AND DENYING IN PART MOTION TO STRIKE

FAC ¶ 28. Second, for the same reasons, Plaintiff alleges that the collection letter violated Section 1788.17 of California's Rosenthal Fair Debt Collection Practices Act ("RFDCPA" or "Rosenthal Act"), which requires debt collectors to comply with 15 U.S.C. §§ 1692b – 1692j. Cal. Civ. Code § 1788.17; FAC ¶ 38. Third, Plaintiff claims that Defendants violated California Civil Code § 1812.700(a) by failing to include the required "Consumer Collection Notice" in their first written notice to Plaintiff. FAC ¶ 51. Plaintiff seeks statutory damages, attorney's fees, and costs, as well as a declaration that Defendants' collection letter violated the federal and California Fair Debt Collection Practices Acts. FAC ¶ 1; FAC at p. 11-12. Plaintiff does not claim actual damages.

Defendants now move to dismiss the entire action pursuant to Rule 12(b)(1) on grounds that Plaintiff's refusal to accept a Rule 68 settlement offer of her maximum recovery renders the action moot. Plaintiff, in turn, moves to strike affirmative defenses from Defendant Osiris's Answer.

## II. Motion to Dismiss for Lack of Subject Matter Jurisdiction

### A. Legal Standard

Federal courts lack subject matter jurisdiction to hear claims that are moot. *See In re Burrell*, 415 F.3d 994, 998 (9th Cir. 2005) ("If the controversy is moot, both the trial and appellate courts lack subject matter jurisdiction and the concomitant 'power to declare the law' by deciding the claims on the merits.") (citation omitted). Article III of the federal Constitution limits federal court jurisdiction to "actual, ongoing cases or controversies." *Wolfson v. Brammer*, 616 F.3d 1045, 1053 (9th Cir. 2010) (quoting *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477 (1990)). A case may become moot after it is filed if "the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Wolfson*, 616 F.3d at 1053 (quoting *Porter v. Jones*, 319 F.3d 483, 489 (9th Cir. 2003)). Although normally the party asserting jurisdiction has the burden of establishing that subject matter jurisdiction is proper, *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994), where mootness is concerned, the Ninth Circuit has stated that the party asserting mootness has the "heavy burden of establishing that no effective relief remains for the court to provide." *Chang v. United States*, 327 F.3d 911, 918-19 (9th Cir. 2003); *see also GATX/Airlog Co.*

*v. United States District Court*, 192 F.3d 1304, 1306 (9th Cir. 1999); *In Re Pintlar Corp.*, 124 F.3d 1310, 1312 (9th Cir. 1997).

### B. Discussion

On December 14, 2010, Defendants made Plaintiff an offer of judgment pursuant to Federal Rule 68[1] in which Defendants agreed to collectively pay Plaintiff a total of $2,001.00 plus reasonable attorney's fees and costs incurred through the date of the offer, in an amount either agreed to by the parties or determined by the Court. Def.'s Mot. to Dismiss, Ex. A, ECF No. 34. Plaintiff did not accept Defendants' Rule 68 offer. Defendants contend that the offer represented one dollar more than the maximum that Plaintiff could recover in this action – that is, $1,000 in statutory damages under the FDCPA, $1,000 in statutory damages under the Rosenthal Act, and reasonable attorney's fees and costs.[2] Defendants argue that because Plaintiff has been offered, and rejected, her maximum possible recovery, she lacks any further personal stake or interest in the outcome of the action, and the case should therefore be dismissed as moot.

In support of their 12(b)(1) motion, Defendants rely on two cases from the Eastern District of New York, in which the court agreed that a plaintiff's rejection of a Rule 68 offer of $1,000 in statutory damages under the FDCPA and reasonable costs and fees incurred to the date of the offer rendered the action moot. *See Greif v. Wilson, Elser, Moskowitz, Edelman & Dicker LLP*, 258 F. Supp. 2d 157, 159-61 (E.D.N.Y. 2003) (granting motion to compel plaintiff to accept Rule 68 offer of $1,000 plus reasonable fees and costs incurred to the date of the offer and granting motion to dismiss the action as moot); *Ambalu v. Rosenblatt*, 194 F.R.D. 451, 453 (E.D.N.Y. 2000) (same). These courts reasoned that once a plaintiff had been offered all she "could hope to recover"

---

[1] Federal Rule of Civil Procedure 68 allows a defendant to "serve on an opposing party an offer to allow judgment on specified terms, with the costs then accrued." Fed. R. Civ. Pro. 68(a). If, within 14 days, the offer is accepted, either party may file a notice of acceptance, and the Clerk must enter judgment. *Id.* If the offer is not accepted, however, and the judgment that the offeree finally obtains is not more favorable than the unaccepted offer, the offeree is required to pay costs incurred by the defendant after the Rule 68 offer was made. Fed. R. Civ. Pro. 68(d).

[2] Failure to comply with the Consumer Collection Notice requirement, as alleged in Plaintiff's third cause of action, is considered a violation of the Rosenthal Fair Debt Collection Practices Act. Cal. Civ. Code § 1812.702. No party suggests that she is entitled to a separate award of statutory damages based on this claim.

4

Case No.: 10-CV-02825-LHK
ORDER DENYING MOTION TO DISMISS; GRANTING IN PART AND DENYING IN PART MOTION TO STRIKE

through the litigation, the plaintiff no longer has a legally cognizable stake in the action, and the case must be dismissed for lack of subject matter jurisdiction. *Greif*, 258 F. Supp. 2d at 159-60; *Ambalu*, 194 F.R.D. at 453. Similarly, the Seventh Circuit has held that "[o]nce the defendant offers to satisfy the plaintiff's entire demand, there is no dispute over which to litigate, and a plaintiff who refuses to acknowledge this loses outright, under Fed.R.Civ.P. 12(b)(1), because he has no remaining stake." *Rand v. Monsanto Co.*, 926 F.2d 596, 598 (7th Cir. 1991); *see also Greisz v. Household Bank (Illinois), N.A.*, 176 F.3d 1012, 1015 (7th Cir. 1999). The Ninth Circuit appears to have approved this reasoning in a recent memorandum decision affirming the dismissal of FDCPA and Rosenthal Act claims for lack of subject matter jurisdiction "because [the defendant's] offer of judgment was for more than [the plaintiff] was legally entitled to recover." *Marschall v. Recovery Solution Specialists, Inc.*, No. 08-55247, 2010 WL 3937992, at *1 (9th Cir. Oct. 5, 2010).

Plaintiff does not dispute the basic principle that a case becomes moot once the plaintiff has been offered all that she is legally entitled to recover. Rather, Plaintiff argues that Defendants' Rule 68 offer does not represent a full recovery under the FDCPA and the Rosenthal Act, for two reasons. First, while conceding that statutory damages under the FDCPA are limited to $1,000 per action, Plaintiff argues that the Rosenthal Act permits her to recover $1,000 per defendant, for a potential total recovery of $3,000 under the California law. The Court agrees with Defendants, however, that Plaintiff's claims under the FDCPA and the Rosenthal Act, taken together, do not entitle Plaintiff to recover more than a total of $2,000 in statutory damages. Although both statutes state that "any debt collector" shall be liable for additional damages not exceeding $1,000, 15 U.S.C. § 1692k(a); Cal. Civ. Code § 1788.30(b), federal courts within the Ninth Circuit have consistently interpreted both provisions to permit a maximum of $1,000 in statutory damages per lawsuit.[3] *See Clark v. Capital Credit & Collection Servs., Inc.*, 460 F.3d 1162, 1178 (9th Cir.

---

[3] In support of her argument that the Rosenthal Act permits statutory damages of up to $1,000 per defendant, Plaintiff cites *Kenyon v. Professional Credit Control*, No. S-09-14932010, U.S. Dist. LEXIS 4493 (E.D. Cal. Jan. 20, 2010). The *Kenyon* court distinguished the Rosenthal Act from the FDCPA on grounds that "[u]nlike the FDCPA, the California Act provides that 'any debt collector' shall be liable for up to $ 1,000." *Id.* at *4-5. However, the FDCPA similarly provides that "any debt collector" is liable for "such additional damages as the court may allow, but not exceeding

5

Case No.: 10-CV-02825-LHK
ORDER DENYING MOTION TO DISMISS; GRANTING IN PART AND DENYING IN PART MOTION TO STRIKE

2006) (indicating that FDCPA limits statutory damages to $1,000 where "numerous violations of the FDCPA are predicated upon one set of circumstances"); *Bretana v. International Collection Corp.*, No. C 07-5934, 2010 WL 1221925, at *2 (N.D. Cal. Mar. 24, 2010) (in a case with multiple defendants, stating that the FDCPA and RFCDPA together allow a "maximum cumulative award of $2,000"); *Marseglia v. JP Morgan Chase Bank*, No. 09cv2857, 2010 WL 4595549, at *7 (S.D. Cal. Nov. 12, 2010) ("statutory damages under the Rosenthal Act are limited to $1,000 per plaintiff"). The Court therefore agrees that Defendants have offered Plaintiff the maximum she could recover in statutory damages.

As a second ground for opposing Defendants' motion, Plaintiff argues that Defendant's Rule 68 offer does not provide her full relief under the FDCPA and the Rosenthal Act because it limits Plaintiff's recovery of reasonable costs and attorney's fees to those incurred through the date of the offer. As Defendant points out, there is nothing improper about a Rule 68 offer that limits recoverable costs and fees to those incurred up to the date of the offer. *See Guerrero v. Cummings*, 70 F.3d 1111, 1114 (9th Cir. 1995) (finding "no reasons of policy that preclude the cutting off of fees and costs at the point a Rule 68 offer is made and accepted" in a civil rights action); *Shaw v. Credit Collection Services*, No. 09CV0883, 2009 WL 4981620, at *2 (S.D. Cal. Dec. 14, 2009) (denying award of post-offer fees where plaintiff accepted a Rule 68 offer that limited fees to those incurred through the offer date). The question here, however, is not whether Defendants' offer was improper, but whether it is sufficient to moot this case and deprive the Court of subject matter jurisdiction.

The FDCPA is a fee-shifting statute, and "[t]he FDCPA's statutory language makes an award of fees mandatory" in a successful action. *Camacho v. Bridgeport Financial, Inc.*, 523 F.3d 973, 978 (9th Cir. 2008); 15 U.S.C. § 1692k(a)(3). In addition to attorney's fees reasonably

---

$1,000." 15 U.S.C. § 1692k(a)(2)(A). Indeed, both statutes also state that "any debt collector" is liable for actual damages sustained by the plaintiff, 15 U.S.C. § 1692k(a)(1); Cal. Civ. Code § 1788.30(a), but the Court does not believe that this language would entitle Plaintiff to recover three times her actual damages simply because she names three defendants in her case. The Court thus respectfully disagrees with the *Kenyon* court's reasoning and agrees with the decisions of other federal courts that have given the statutory damages provision in the Rosenthal Act the same effect as the FDCPA provision.

6

Case No.: 10-CV-02825-LHK
ORDER DENYING MOTION TO DISMISS; GRANTING IN PART AND DENYING IN PART MOTION TO STRIKE

incurred in litigating the case, an FDCPA plaintiff may recover reasonable fees for time spent preparing a motion for attorney's fees. *Id.* at 981-82. Such "fees on fees" are justified "because it would be inconsistent to dilute a fees award by refusing to compensate attorneys for the time they reasonably spent in establishing their rightful claim to the fee." *Id.* at 981. While Defendant's Rule 68 offer includes fees incurred up to the date of the offer, it would not cover fees for time reasonably spent in preparing and litigating a fee petition or any other fees reasonably accrued after the Rule 68 offer was made. Because it is not unreasonable for counsel to continue to accrue some limited fees after an offer of judgment, including those associated with litigation of a fee motion, other district courts have refused to dismiss FDCPA claims as moot where a defendant's Rule 68 offer provides for costs and fees only up to the date of the offer.[4] *See Andrews v. Professional Bureau of Collections of Maryland, Inc.*, 270 F.R.D. 205, 208 (M.D. Pa. 2010) (holding that plaintiff's FDCPA claim was not moot because "by cutting off the date upon which attorney's fees may accrue, Defendant's offer of judgment did not provide for full relief under the FDCPA"); *Pollock v. Bay Area Credit Service, LLC*, No. 08-61101-Civ., 2009 WL 2475167, at *6 (S.D. Fla. Aug. 13, 2009) (denying motion to dismiss claims under FDCPA and Florida statute on mootness grounds where Rule 68 offered provided $2,001, but cut off fees and costs at the date of the offer); *McKenna v. Nat'l Action Financial Servs., Inc.*, No. 07-60889-CIV, 2008 WL 2389016, at *1 (S.D. Fla. June 10, 2008) (same); *accord Thorogood v. Sears, Roebuck and Co.*, 595 F.3d 750, 753 (7th Cir. 2010) ("a defendant cannot defeat a valid claim of attorneys' fees by making an offer of judgment that covers merely the plaintiff's damages and arguing that therefore the case is moot").

Although the time involved in preparing a motion for attorney's fees is likely minimal, the Court agrees that it must nonetheless "take this expense into consideration to determine whether

---

[4] The Eastern District of New York decisions cited by Defendants found Rule 68 offers sufficient to moot an action, despite the fact that the offers cut off fees at the date of the offer. *See Greif*, 258 F. Supp. 2d at 159-60; *Ambalu*, 194 F.R.D. at 452. However, it does not appear that these courts considered the argument that an offer which cuts off fees at the offer-date does not provide for full recovery. Rather, these cases focused on the propriety of dismissing an action based on a Rule 68 offer where the case also involved class action allegations. Although Plaintiff's FAC alleges that she "may seek leave to amend this Complaint to add class allegations at a later date," FAC ¶ 20, Plaintiff has made no move to do so, and does not raise this issue in her opposition brief.

7

Case No.: 10-CV-02825-LHK
ORDER DENYING MOTION TO DISMISS; GRANTING IN PART AND DENYING IN PART MOTION TO STRIKE

the Offer fully satisfied Plaintiff's claims and costs." *McKenna*, 2008 WL 2389016, at *1.  Thus, the Court is forced to conclude that Defendants' Rule 68 offer, though likely beneficial to Plaintiff, does not offer her all that she is legally entitled to recover.  While nothing prevents Plaintiff from bargaining away her rights to post-offer attorney's fees, her refusal to do so does not render this action moot.  Accordingly, the Court DENIES Defendants' motion to dismiss without prejudice.

### III. Motion to Strike Affirmative Defenses

#### A. Legal Standard

Federal Rule of Civil Procedure 12(f) permits a court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  A defense may be insufficient as a matter of pleading or a matter of law.  *Security People, Inc. v. Classic Woodworking, LLC*, No. C-04-3133, 2005 WL 645592, at *2 (N.D. Cal. 2005).  "The key to determining the sufficiency of pleading an affirmative defense is whether it gives plaintiff fair notice of the defense."  *Wyshak v. City Nat. Bank*, 607 F.2d 824, 827 (9th Cir. 1979).  What constitutes fair notice depends on the particular defense in question.  5C Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1381, at 410 (3d ed. 2004).  While a defense need not include extensive factual allegations in order to give fair notice, *Security People, Inc.*, 2005 WL 645592, at *2, bare statements reciting mere legal conclusions may not be sufficient. *CTF Development, Inc. v. Penta Hospitality, LLC*, No. C 09-02429, 2009 WL 3517617, at *7 (N.D. Cal. 2009).  Because motions to strike a defense as insufficient are disfavored, they "will not be granted if the insufficiency of the defense is not clearly apparent."  5C Wright & Miller § 1381, at 428; *accord William Z. Salcer, Panfeld, Edelman v. Envicon Equities Corp.*, 744 F.2d 935, 939 (2d Cir.1984), *vacated on other grounds*, 478 U.S. 1015 (1986).

A court may also strike matter in an answer that is immaterial or impertinent.  Fed. R. Civ. Pro. 12(f).  Immaterial matter is "that which has no essential or important relationship to the claim for relief or the defenses being pleaded."  *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993), *rev'd on other grounds*, 510 U.S. 517 (1994) (quoting 5 Charles A. Wright & Arthur R.

Miller, Federal Practice and Procedure § 1382, at 706-07 (1990)). Impertinent matter does not pertain, and is not necessary, to the issues in question. *Id.*

Where a court strikes an affirmative defense, leave to amend should be freely given so long as there is no prejudice to the moving party. *Wyshak*, 607 F.2d at 826; *Qarbon.com Inc. v. eHelp Corp.*, 315 F. Supp. 2d 1046, 1049 (N.D. Cal. 2004).

### B. Discussion

Plaintiff moves to strike each of the nineteen affirmative defenses contained in Defendant Osiris's Answer to Plaintiff's First Amended Complaint, on grounds that the defenses are not pled with sufficient particularity to provide Plaintiff with fair notice of the defenses Defendant intends to advance. At the outset, the Court notes that because 12(f) motions to strike are often "sought by the movant simply as a dilatory or harassing tactic," such motions are generally viewed with disfavor by the federal courts. 5C Wright & Miller § 1380, at 394. Given the relatively narrow issues involved in this case and counsel's experience in litigating similar cases,[5] the Court is somewhat skeptical that Plaintiff's motion is a necessary means of clarifying the defenses asserted or avoiding unnecessary litigation. *See Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993) (noting that the purpose of a 12(f) motion is "to avoid the expenditure of time and money that must arise from litigating spurious issues"), *rev'd on other grounds*, 510 U.S. 517 (1994). The Court is also troubled by Plaintiff's decision to file an opening brief based solely on general arguments and to set forth detailed arguments as to specific defenses only in its reply, after Defendant's opportunity to oppose Plaintiff's arguments in writing had passed. In addition, it is unclear why Plaintiff moved to strike only the affirmative defenses contained in Defendant Osiris's Answer, considering that the affirmative defenses asserted by Defendants FBCS and Neary are substantially similar. *See* Answer to Pl.'s FAC by Defs. FBCS and Neary, ECF No. 15. Nonetheless, the Court assumes that Plaintiff's motion is brought in good faith and agrees that

---

[5] Plaintiff's counsel has litigated numerous FDCPA and Rosenthal Act cases in the Northern District of California. *See, e.g.*, *Silva v. Jason Head, PLC*, No. 09-CV-05768, 2010 WL 4593704 (N.D. Cal. Nov. 4, 2010); *Riggs v. Prober & Raphael*, No. C 10-1215, 2010 WL 3238969 (N.D. Cal. Aug. 16, 2010); *Cruz v. International Collection Corp.*, No. C 08-00991, 2010 WL 2509988 (N.D. Cal. June 17, 2010); *Bretana v. International Collection Corp.*, No. C 07-5934, 2010 WL 2510081 (N.D. Cal. June 17, 2010).

9

Case No.: 10-CV-02825-LHK
ORDER DENYING MOTION TO DISMISS; GRANTING IN PART AND DENYING IN PART MOTION TO STRIKE

many of the affirmative defenses appear to be boilerplate assertions with little relevance to the instant proceeding.

### 1. Defenses insufficiently pled

The Court agrees with Plaintiff's claim that a number of the affirmative defenses are not pled with sufficient particularity to give Plaintiff fair notice of the basis for the asserted defense. In particular, the following affirmative defenses are insufficient because each amounts to the bare statement of a legal doctrine or principle lacking any articulated connection to the claims in this case: (6) good faith of Defendants; (10) unclean hands; (14) immunity; (15) estoppel or waiver; (16) all additional affirmative defenses under Rule 8(c); and (17) res judicata and collateral estoppel. First, although an FDCPA/RFDCPA defendant may avoid liability based on good-faith compliance with an advisory opinion of the FTC, 15 U.S.C. § 1692k(e), or upon a showing that the violation was not intentional and resulted notwithstanding the maintenance of reasonable procedures, Cal. Civ. Code § 1788.30(e) – defenses that Defendant asserts separately in its Answer – Defendant's general defense of "good faith" and "reasonable belief" that its actions were legal is not specific enough to identify a viable defense to Plaintiff's claims. Defendant also fails to identify any factual basis for asserting the defenses of unclean hands, estoppel, waiver, res judicata, or collateral estoppel, and does not identify any particular doctrine of immunity alleged to apply in this case. Defendant's precautionary allegation of all other defenses set forth is Rule 8(c) is also completely devoid of facts or allegations suggesting how the defenses might apply to this case. *See Qarbon.com Inc. v. eHelp Corp.*, 315 F. Supp. 2d 1046, 1049-50 (N.D. Cal. 2004) (striking affirmative defenses of waiver and estoppel where defendant failed to provide any factual basis for the defenses); *CTF Development, Inc.*, 2009 WL 3517617, at *7 ("simply stating that a claim fails due to plaintiff's 'unclean hands' is not sufficient to notify the plaintiff *what* behavior has allegedly given them 'unclean hands'"). Accordingly, the Court grants the motion to strike affirmative defenses (6), (10), (14), (15), (16), and (17) as insufficiently pled. Plaintiff has not alleged any prejudice that will result from leave to amend. The Court therefore grants Defendant leave to amend the stricken defenses.

10
Case No.: 10-CV-02825-LHK
ORDER DENYING MOTION TO DISMISS; GRANTING IN PART AND DENYING IN PART MOTION TO STRIKE

### 2. Defenses insufficient as a matter of law

The court also finds that Defendant's second affirmative defense based on the statute of limitations, as pled, is insufficient as a matter of law. The federal FDCPA and the Rosenthal Act both impose one-year statutes of limitations running from the date of the occurrence of the violation. 15 U.S.C. § 1692k(d); Cal. Civ. Code § 1788.30(f). The collection letter at issue in this case is dated August 27, 2009. It thus appears that the violations alleged occurred no earlier than August 27, 2009, and the statute of limitations therefore expired no earlier than August 27, 2010. Plaintiff filed her original Complaint in federal court on June 28, 2010. Compl., ECF No. 1. Accordingly, absent facts suggesting that a violation occurred earlier than indicated in Plaintiff's pleadings, Defendant's statute of limitations defense fails as a matter of law. The Court therefore strikes Defendant's second affirmative defense as legally insufficient. Because Plaintiff has not alleged any prejudice that will result from leave to amend, the Court grants Defendant leave to amend.

### 3. Immaterial and impertinent defenses

Defendants also allege several affirmative defenses that bear no relation to the claims asserted in Plaintiff's Complaint and which must therefore be struck as immaterial or impertinent. These include the following affirmative defenses: (3) comparative negligence; (4) negligence of third parties; (5) failure to use reasonable care; (8) the privilege for certain publications embodied in Cal. Civ. Code § 47(b) and (c); and (13) consent by Plaintiff. Affirmative defenses (3), (4), (5), and (13) are applicable in negligence and intentional tort actions and would appear to have no application to Plaintiff's claims under the FDCPA and Rosenthal Act. The privilege for communications made during judicial proceedings and for communications made between certain interested persons, Cal. Civ. Code § 47(b) and (c), likewise has no application to the facts or legal claims in Plaintiff's complaint, which do not allege any defamatory actions by Defendant. *See Komarova v. National Credit Acceptance, Inc.*, 175 Cal. App. 4th 324, 337-40, 95 Cal. Rptr. 3d 880 (Cal. Ct. App. 2009) (concluding that the litigation privilege does not apply to Rosenthal Act claims). Accordingly, the Court grants the motion strike affirmative defenses (3), (4), (5), (8), and

11

Case No.: 10-CV-02825-LHK
ORDER DENYING MOTION TO DISMISS; GRANTING IN PART AND DENYING IN PART MOTION TO STRIKE

1  (13) as immaterial and/or impertinent. Because Plaintiff has not alleged any prejudice that will

2  result from leave to amend, the Court grants Defendant leave to amend.

### 4. Defenses that are not actually affirmative defenses

"Affirmative defenses plead matters extraneous to the plaintiff's prima facie case, which deny plaintiff's right to recover, even if the allegations of the complaint are true." *Federal Deposit Ins. Corp. v. Main Hurdman*, 655 F.Supp. 259, 262 (E.D. Cal. 1987) (citing *Gomez v. Toledo*, 446 U.S. 635, 640-41 (1980)). In contrast, denials of the allegations in the Complaint or allegations that the Plaintiff cannot prove the elements of his claims are not affirmative defenses. *Solis v. Couturier*, No. 2:08-cv-02732, 2009 WL 2022343, at *3 (E.D. Cal. 2009). Thus, Defendant's first affirmative defense, based on failure to state facts sufficient to constitute a claim or cause of action, is better understood as a denial of Plaintiff's allegations rather than an affirmative defense. The Court therefore grants the motion to strike this defense, but notes that this ruling does not preclude Defendant from moving to dismiss under Rule 12(b)(6) or otherwise asserting failure to state a claim as an ordinary defense to liability.

In addition, Defendant's nineteenth defense, reserving the right to assert additional defenses based on discovery, is not itself an affirmative defense and appears to duplicate rights already preserved by the Federal Rules. *See Solis*, 2009 WL 2022343, at *3; Fed. R. Civ. Pro. 12(h). Thus, the Court grants the motion to strike affirmative defenses (1) and (19) because they are not actually affirmative defenses. As Plaintiff has not alleged any prejudice that will result from leave to amend, the Court grants Defendant leave to amend.

### 5. Remaining affirmative defenses

Finally, the Court concludes that the remaining affirmatives defenses should not be stricken. These include: (7) the statutory defense that Defendant's violation was unintentional and resulted from the maintenance of procedures reasonably adopted to avoid violations, 15 U.S.C. § 1692k(c); Cal. Civ. Code § 1788.30(e); (9) the defense that Defendant's actions were taken in reasonable reliance upon information provided by its clients, pursuant to federal case law; (11) the statutory defense based on good faith compliance with FTC opinions, 15 U.S.C. § 1692k(e); and

(18) the statutory defense that any violations under the Rosenthal Act were cured pursuant to Cal. Civ. Code § 1788.30(d). Unlike most of the defenses discussed above, these defenses clearly relate to FDCPA and Rosenthal Act claims, and thus the Court cannot find that they have "no essential or important relationship to the claim for relief or the defenses being pleaded." *Fantasy*, 984 F.2d at 1527. Moreover, although the defenses are lacking in factual allegations, the Court believes that in the context of this action, they provide fair notice of the nature of the defenses asserted and permit Plaintiff to make informed discovery requests. Each defense contains a citation to a statute or case law, and these references allow Plaintiff to clearly determine the basis for the asserted defense. *See Wyshak*, 607 F.2d at 827 (finding statute of limitations defense sufficient where defendant merely cited the applicable statutory provision); *Security People, Inc.*, 2005 WL 645592, at *2 (noting that courts generally do not require "an extensive exposition of the underlying facts" in affirmative defenses). While some discovery may be required to determine whether these affirmative defenses are viable on the facts of this case, the Court does not believe that allowing the defenses to stand would "create[] serious risks of prejudice . . . , delay, and confusion of the issues." *Fantasy*, 984 F.2d at 1528. Nor is the Court convinced that striking these defenses would "avoid the expenditure of time and money that must arise from litigating spurious issues." *Id.* at 1527. Accordingly, Plaintiff's motion to strike affirmative defenses (7), (9), (11), and (18) is denied.

## IV. Conclusion

For the foregoing reasons, the Court DENIES Defendants' motion to dismiss this action pursuant to Rule 12(b)(1) without prejudice, and GRANTS in part and DENIES in part Plaintiff's motion to strike. The motion to strike is denied as to defenses (7), (9), (11), and (18), and granted, with leave to amend, as to all other affirmative defenses contained in Defendant Osiris's Answer. The Court VACATES the motion hearing set for January 20, 2011, but will hold the Case Management Conference as scheduled.

**IT IS SO ORDERED.**

Dated: January 19, 2011

_____
LUCY H. KOH
United States District Judge

13

Case No.: 10-CV-02825-LHK
ORDER DENYING MOTION TO DISMISS; GRANTING IN PART AND DENYING IN PART MOTION TO STRIKE