UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| YVONNE AGNES SCOTT,<br><br>Plaintiff,<br><br>v.<br><br>FEDERAL BOND AND COLLECTION SERVICE, INC., D/B/A FBCS, INC., a Pennsylvania corporation; JOSEPH NEARY, individually and in his official capacity; and OSIRIS HOLDINGS, LLC, a Maryland limited liability corporation,<br><br>Defendants. | Case No.: 10-CV-02825-LHK<br><br>ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR ATTORNEY'S FEES AND COSTS |

Currently before the Court is Plaintiff Yvonne Scott's motion for attorney's fees and costs, Dkt. No. 51 ("Mot."), for an action brought under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 ("FDCPA"), California's Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788 ("RFDCPA"), and California Civil Code section 1812.700(a). Pursuant to Civil Local Rule 7-1(b), the Court finds this motion appropriate for determination without oral argument. Having considered the parties' submissions and the relevant law, the Court GRANTS in part and DENIES in part Plaintiff's motion for the reasons discussed below.

**I.     Background**

1

1   This action arises out of Defendants' attempt to collect a debt allegedly owed by Plaintiff
2   Yvonne Agnes Scott on a consumer credit account issued by Continental Bank.  Dkt. No. 6, First
3   Amended Complaint ("FAC") ¶ 12.  Plaintiff alleged that the debt was first sold, assigned, or
4   otherwise transferred to Defendant Osiris Holdings, LLC ("Osiris"), and then consigned, placed, or
5   otherwise transferred to Defendants Federal Bond and Collection Service, Inc. ("FBCS") and
6   Joseph Neary ("Neary").  *Id.* ¶¶ 13-14.  In an attempt to collect the alleged debt from Plaintiff,
7   Defendants sent Plaintiff a collection letter dated August 27, 2009.  The collection letter reads, in
8   relevant part:

> This is an attempt to collect a debt and any information obtained will be used for that purpose.  This is a communication from a debt collector.  Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid.  If you notify this office within 30 days from receiving this notice, this office will: obtain verification of the debt or obtain a copy of a judgement [sic] and mail you a copy of such judgment of or verification.  If you request this office within 30 days after receiving this notice, this office will provide you the name and address of the original creditor, if different from the current creditor.

FAC, Ex. 1.

Plaintiff filed her original complaint on June 28, 2010, Dkt. No. 1, and on July 14, 2010, she filed her FAC, which contained three claims for relief.  First, Plaintiff alleged that the collection letter violated the FDCPA, 15 U.S.C. § 1692 *et seq.*, by (1) misrepresenting Plaintiff's right to obtain a copy of the debt verification or judgment against her, in violation of 15 U.S.C. §§ 1692e, 1692e(10); (2) misrepresenting Plaintiff's right to obtain the name and address of the original creditor, if different from the current creditor, in violation of 15 U.S.C. §§ 1692e, 1692e(10); (3) failing to send a written notice containing a statement that if Plaintiff notifies Defendants in writing that the debt, or any portion thereof, is disputed, Defendants would obtain verification of the debt and mail Plaintiff a copy, in violation of 15 U.S.C. § 1692g(a)(4); and (4) failing to send Plaintiff a written notice containing a statement that upon Plaintiff's written request, Defendants would provide Plaintiff with the name and address of the original creditor, if different from the current creditor, in violation of 15 U.S.C. § 1692g(a)(5).  FAC ¶ 28.  Second, for the same reasons, Plaintiff alleged that the collection letter violated section 1788.17 of the RFDCPA, which

requires debt collectors to comply with 15 U.S.C. §§ 1692b – 1692j. Cal. Civ. Code § 1788.17 (West 2011); FAC ¶ 38. Third, Plaintiff claimed that Defendants violated California Civil Code section 1812.700(a) by failing to include the required "Consumer Collection Notice" in their first written notice to Plaintiff. FAC ¶ 51. Plaintiff sought statutory damages, attorney's fees, and costs, as well as a declaration that Defendants' collection letter violated the FDCPA and the RFDCPA. FAC ¶ 1; FAC 11-12. Plaintiff did not claim actual damages.

Defendants FBCA and Neary answered on August 31, 2010, Dkt. No. 15. Defendant Osiris answered on October 13, 2010, asserting nineteen affirmative defenses. Dkt. No. 25.

The parties began discovery and law and motion practice in October 2010. The parties exchanged initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1), and the parties served and responded to interrogatories, requests for the production of documents, and requests for admissions. *See* Dkt. No. 42, at 2; Reeves Decl. Ex. D-K, Schwinn Decl., Ex. A, at 3-6, 11. The parties also met and conferred regarding discovery. Dkt. No. 42, at 2; Reeves Decl., Exs. D-E.

On October 13, 2010 Plaintiff filed a motion to strike Osiris's affirmative defenses. Dkt. No. 28. Defendants FBCS, Neary, and Osiris opposed this motion. Dkt. No. 38.

On December 14, 2010, Defendants filed a Rule 68 Offer of Judgment, offering Plaintiff $2,001.00 and reasonable attorney's fees and costs, "through the date of this offer." Dkt. No. 34, Ex. A. Plaintiff rejected this offer on December 16, 2010. *See* Dkt. No. 34, Ex. B. Defendants then moved to dismiss, arguing that the case was moot given that Defendants had offered Plaintiff the full amount that she would have recovered if she had prevailed on all her claims. *See* Dkt. No. 34, at 2. Plaintiff opposed this motion. Dkt. No. 37.

The Court denied Defendants' motion to dismiss, holding that while Defendants offered Plaintiff the maximum amount recoverable in damages, the action was not moot because Plaintiff was also entitled to attorney's fees and costs "for time reasonably spent in preparing and litigating a fee petition or any other fees reasonably accrued after the Rule 68 offer was made." Dkt. No. 45, at 7. The Court also granted Plaintiff's motion to strike with regard to fifteen of Osiris's nineteen affirmative defenses. *See id* at 13.

3

Case No.: 10-CV-02825-LHK
ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR ATTORNEY'S FEES AND COSTS

On February 3, 2011, Plaintiff informed the Court that she had accepted Defendants' second Rule 68 offer of judgment. Dkt. No. 48. Under the judgment, "Defendants [were] to collectively pay to plaintiff the total sum of two thousand and one dollars ($2,001.00)[, and] Plaintiff [was] to be awarded her reasonable attorney's fees and costs incurred in this action, to be mutually agreed upon by the parties, or if no agreement [could] be reached, to be determined by the Court on application by plaintiff's counsel, in accordance with [the FDCPA,] 15 U.S.C. § 1692k." Dkt. No. 48, Ex. A, at 1. On April 14, the Court entered judgment for Plaintiff "in the amount of two thousand and one dollars ($2,001.00), plus the reasonable attorney's fees and costs incurred by Plaintiff in this action." Dkt. No. 49. Whereas the first Rule 68 offer of judgment, which Plaintiff rejected, offered only attorney's fees and costs incurred through the date of the offer, *see* Dkt. No. 34, Ex. A, the second offer of judgment did not place a limit on post-judgment fees. *See* Dkt. No. 48, Ex. A, at 1.

Because the parties were not able to agree on reasonable attorney's fees and costs, Plaintiff filed the motion for attorney's fees and costs currently before the Court. Dkt. No. 51 ("Mot."). Defendants opposed this motion on July 22, 2011, Dkt. No. 52 ("Opp'n"), and Plaintiff filed a reply on July 27, 2011. Dkt. No. 53 ("Reply").

**II.     Analysis**

  A.  Legal Standard

The FDCPA provides that any debt collector who fails to comply with its provisions is liable "in the case of any successful action . . . [for] the costs of the action, together with a reasonable attorney's fee as determined by the court." 15 U.S.C. § 1692k(a)(3) (2006).

As the Ninth Circuit acknowledges, "the FDCPA's statutory language makes an award of fees mandatory." *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 978 (9th Cir. 2008) (citation omitted). Courts in the Ninth Circuit calculate an award of attorney's fees using the lodestar method, whereby a court multiplies "the number of hours the prevailing party reasonably expended on the litigation by a reasonable hourly rate." *Id.*

A party seeking attorney's fees bears the burden of demonstrating that the rates requested are "in line with the 'prevailing market rate of the relevant community.'" *Carson v. Billings Police Dep't*, 470 F.3d 889, 891 (9th Cir. 2006). Generally, "the relevant community is the forum in which the district court sits." *Camacho*, 523 F.3d at 979 (citing *Barjon v. Dalton*, 132 F.3d 496, 500 (9th Cir. 1997)). Typically, "affidavits of the plaintiffs' attorney and other attorneys regarding prevailing fees in the community and rate determinations in other cases . . . are satisfactory evidence of the prevailing market rate." *United Steelworkers of Am. v. Phelps Dodge Corp.*, 896 F.2d 403, 407 (9th Cir. 1990).

"Although in most cases, the lodestar figure is presumptively a reasonable fee award, the district court may, if circumstances warrant, adjust the lodestar to account for other factors which are not subsumed within it." *Ferland v. Conrad Credit Corp.*, 244 F.3d 1145, 1149 n.4 (9th Cir. 2001). "The party opposing the fee application has a burden of rebuttal that requires submission of evidence to the district court challenging the accuracy and reasonableness of the . . . facts asserted by the prevailing party in its submitted affidavits." *Camacho*, 523 F.3d at 980 (citing *Gates v. Deukmejian*, 987 F.2d 1392, 1397-98 (9th Cir. 1992)).

### B. Attorney's Fees and Costs

Plaintiff seeks $17,735 in attorney's fees and $508.01 in costs, for a total award of $18,243.01. *See* Reply 2.

The parties agree that Plaintiff is entitled to attorney's fees and costs under the FDCPA. They disagree, however, on the amount Plaintiff should recover in attorney's fees. For the reasons discussed below, the Court awards Plaintiff $508.01 in costs and $17,500 in attorney's fees, for a total award of $18,008.01.

#### 1. Costs

Plaintiff claims that the Consumer Law Center, Inc. "incurred costs and litigation expenses of $508.01 in prosecution of this matter." Mot. 3. To support this claim, Plaintiff provided an itemized list of costs including photocopying expenses, filing fees, postage, and process server fees. *See* Schwinn Decl., Ex. A, at 14-15. Defendants do not dispute this amount or that Plaintiff

5

Case No.: 10-CV-02825-LHK
ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR ATTORNEY'S FEES AND COSTS

1  is entitled to these costs under the FDCPA. Therefore, the Court GRANTS Plaintiff's motion with
2  regard to costs, and awards Plaintiff $508.01 in costs.

### 2. Attorney's Fees

Plaintiff also seeks to recover $17,735 in attorney's fees. *See* Reply 2. To support this amount, Plaintiff provided an itemized invoice detailing the services rendered by her attorneys from September 4, 2009, to May 4, 2011; the hours worked in rendering those services, broken down by task; and the hourly rate billed by the attorney performing a particular task. Schwinn Decl., Ex. A, 14. This invoice represents that between September 4, 2009, and May 4, 2011, Plaintiff was billed the following amount by the Consumer Law Center, Inc. for work performed by two attorneys, Fred W. Schwinn and Raeon R. Roulston:

| Attorney | Rate | Hours | Total |
|---|---|---|---|
| Fred W. Schwinn | $350 per hour | 46.6 | $16,310 |
| Raeon R. Roulston | $250 per hour | 1.5 | $375 |

*Id.* Thus, through May 4, 2011, Plaintiff had been billed $16,685 in attorney's fees ($16,310 + $375). Mot. 3. Mr. Schwinn states he has spent "an additional .5 hours in this matter reviewing Defendants' Opposition to Plaintiff's Motion herein, and an additional 2.0 hours drafting Plaintiff's Reply Memorandum and related documents. Furthermore, [he] anticipates an additional .5 hours of attorney time will be incurred for preparing and attending the hearing in this matter." Suppl. Schwinn. Decl. ¶ 6. These additional hours appear to account for the additional $1050 in attorney's fees Plaintiff seeks since filing her motion on May 5, 2011 ($350 per hour * 3 hours = $1,050). Thus, Plaintiff claims that the lodestar amount in this case, i.e. "the number of hours the prevailing party reasonably expended on the litigation by a reasonable hourly rate," *Camacho*, 523 F.3d at 978, is $17,735.

*Reasonable Hourly Rate*. Plaintiff requests that the Court calculate the lodestar using Mr. Schwinn's billing rate of $350 per hour. Mot. 3; Schwinn Decl. ¶ 10. In support of this rate, Mr. Schwinn states that this amount is "comparable to the rates being charged by attorneys of similar experience and expertise in the San Francisco Bay Area's federal and state courts." *Id.* Mr.

Schwinn represents that he has fourteen years of experience representing consumers and debtors, and he provides an extensive list of the many consumer protection cases he has handled at the appellate court, U.S. District Court, and U.S. Bankruptcy Court level. *See id.* at ¶¶ 5, 8. He further claims that this Court has awarded him fees at the rate of $350.00 per hour before. *Id.* ¶ 10 (citing *Nemec v. Fin. Recovery Ctr.*, No. C9-06101-LHK (N.D. Cal. Aug. 24, 2010)).[1] Plaintiff also submitted the expert declaration of Mr. Ronald Wilcox, another consumer protection attorney, to support the reasonableness of Mr. Schwinn's requested hourly rate. *See* Wilcox Decl. ¶¶ 10-11 (stating that the market rate in the San Francisco Area for litigation of similar difficulty and complexity range from "$280 to $480 per hour, depending on the skill, experience, and reputation of the attorney").

Plaintiff seeks a rate of $250 for the legal services provided by Mr. Roulston, a fourth year associate at the Consumer Law Center. Mot. 3. Mr. Schwinn states that this rate is "comparable to the rates being charged by attorneys of similar experience and expertise in the San Francisco Bay Area's federal and state courts," and claims Mr. Roulston was awarded fees of $200 per hour as early as 2008. *Id.* ¶ 13 (citing *AFS v. Gonzales*, No. 1-08-CV-104393 (Nov. 25, 2008); *LVNV Funding, LLC v. Taylor*, 1-08-CV-119003 (Sept. 8, 2009)).

Defendants do not dispute, and Plaintiff has adequately shown, through the affidavits attached to her motion, that $350 per hour and $250 per hour for Mr. Schwinn and Mr. Roulston, respectively, are within the range of reasonable hourly rates for attorneys of comparable skill, experience and reputation litigating similar cases in this Court's jurisdiction. However, Mr. Schwinn states that he did not raise his rate from $325 to $350 per hour until July 1, 2010.[2]

---

[1] In *Nemec*, the plaintiff did not submit "an additional declaration regarding attorney fees, and simply request[ed] that the Court direct the Clerk to enter the proposed judgment for $10,000 previously filed." *Id.*, Dkt. No. 97. Accordingly, the Court did not calculate a lodestar and simply entered judgment for $10,000 per the parties' settlement. *Id.*, Dkt. No. 105. Therefore, *Nemec* does not appear to support Plaintiff's requested hourly rate of $350 for Mr. Schwinn. Nevertheless, Plaintiff provides enough other support for the Court to determine whether $350 per hour is within the range of reasonable hourly rates for attorneys of comparable skill, experience and reputation litigating similar cases in the San Francisco Bay Area.

[2] This adjustment affects four time entries, totaling 3.8 hours: 1 hour for research on September 4, 2009; .5 hours for a client interview on September 4, 2009; 2.1 hours for drafting the complaint on June 26, 2010; and .2 hours for drafting the civil cover sheet and summons on June 28, 2010. *See*

Schwinn Decl. ¶ 11. Therefore, the Court calculates the lodestar from September 4, 2009, through June 28, 2010, using Mr. Schwinn's then-hourly rate of $325 per hour.

*Hours Reasonably Expended.* Plaintiff claims that Mr. Schwinn has expended 49.6 hours and that Mr. Roulston has expended 1.5 hours on this matter. Mot. 3; Suppl. Schwinn Decl. ¶ 6.

Defendants argue that Plaintiff's claimed hours are "excessive or otherwise unnecessary," and appear to ask the Court to "reduce the hours claimed." Opp'n 3 (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433-34 (1983)). Defendants contend that this matter presented a "narrow legal issue" of whether Defendants' collection letter ran afoul of the FDCPA by failing to inform Plaintiff that she had the right to dispute the alleged debt "in writing" and that she had to request any information regarding the original creditor "in writing." Opp'n 2. Defendants argue that "[m]ost, if not all of the discovery and law and motion practice plaintiff's counsel is now claiming compensation for was unrelated to and did not advance resolution of the legal question framed by plaintiff's complaint." *Id.* Finally, Defendants argue that Plaintiff's attorney did not negotiate payment of Plaintiff's fees and costs in good faith after Plaintiff accepted Defendants' Rule 68 offer. *Id.* Accordingly, Defendants seek to limit Plaintiff's recovery of attorney's fees to $8,000. *Id.*

Defendants have the burden of challenging the reasonableness of hours claimed in Plaintiff's affidavits. *Camacho*, 523 F.3d at 980. After considering Defendants' arguments and supporting evidence, and reviewing the hours billed by Plaintiff's attorneys, the Court finds the hours reasonable, with one exception. Because the Court vacated the hearing on the motion for attorney's fees, *see* Dkt. No. 54, the Court does not award the full .5 hours Mr. Schwinn pre-billed for "preparing [for] *and* attending the hearing" on the motion for attorney's fees. Suppl. Schwinn Decl. ¶ 6 (emphasis added). Because the hearing was vacated the night before the hearing, and little preparation was necessary for this hearing, the Court will credit only .1 hours of preparation time.

---

Schwinn Decl., Ex. A, at 1. Plaintiff requested that these hours be billed at $350 per hour, but they are more appropriately billed at $325 per hour.

8

Case No.: 10-CV-02825-LHK
ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR ATTORNEY'S FEES AND COSTS

Defendants seek to exclude 4.9 hours that Plaintiff's attorney expended drafting and reviewing discovery requests on the grounds that "this discovery [sic] very little, if anything, to do with the narrow legal issue of whether defendants violated the FDCPA by omitting the words 'in writing' from their collection letter." Opp'n 5. Federal Rule of Civil Procedure 26 provides for broad discovery, allowing parties to discover "any nonprivileged matter that is relevant to any party's claim or defense — including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter. . . . Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). The Court therefore disagrees with Defendants that Plaintiff was required to propound "pin-point" discovery in order to "advance resolution of the narrow legal issue presented." *See* Opp'n 6. This is not to suggest that any discovery request, however broad or however frivolous, would be compensable. Defendants here, however, have failed to show that Plaintiff's discovery requests, which related to, among other things, "corporate formation documents" and Defendants' "collection activities," Opp'n 6, did not advance Plaintiff's vicarious liability theory or FDCPA claims.

Defendants also seek to exclude 4.9 hours Mr. Schwinn billed in connection with the 19-page meet and confer letter he sent to Defendants' counsel, simply stating, without any additional support, that the letter "was not related to the narrow issue presented in this action." Opp'n 6. Given that Plaintiff's discovery requests related to Plaintiff's theories and claims in the case, the Court concludes that Defendants have failed to meet their burden to exclude the hours billed drafting the meet-and-confer letter regarding this discovery. The Court finds further support for this conclusion in the Federal Rules of Civil Procedure, which require a party to certify that it has "in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action" before filing a motion to compel discovery. Fed. R. Civ. P. 37(a)(1); *see also* Civ. L.R. 37-1(a) (requiring parties to meet and confer

9
Case No.: 10-CV-02825-LHK
ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR ATTORNEY'S FEES AND COSTS

"for the purpose of attempting to resolve all disputed issues" before Court will entertain a motion to resolve a discovery dispute).

Defendants also seek to exclude 3.8 hours for law and motion practice related to Plaintiff's motion to strike affirmative defenses. Opp'n 7. Defendants argue that the motion to strike "did not accomplish anything meaningful" and that the time spent on securing "post-offer" fees was unreasonable. Although the Court did express skepticism about the necessity of the motion to strike, Dkt. No. 45, at 9, the Court is not persuaded that the motion did not accomplish anything meaningful. Plaintiff succeeded in striking fifteen of Defendant Osiris's nineteen defenses. Dkt. No. 45, at 13. It is Osiris, after all, that asserted invalid defenses in the first place, and the Court does not fault Plaintiff's attorneys for moving the Court to strike them. Accordingly, the Court finds that Defendants have not met their burden of challenging the reasonableness of the hours related to the motion to strike.

Defendants seek to exclude the hours Mr. Schwinn expended on law and motion related to Defendants' motion to dismiss on the grounds that it was not reasonable to spend 7.8 hours of time to claim 1.5 hours to file a fee motion. Opp'n. 7. Defendants brought this motion and the Court will not fault Plaintiff's attorney for opposing it successfully. The Court concludes that these hours were neither unreasonable nor excessive.

Without citing any authority, Defendants seek to exclude 1.5 hours Mr. Schwinn expended on law and motion related to this motion for fees and costs on the grounds that plaintiff's attorney did not negotiate payment of Plaintiff's fees and costs in good faith in order to avoid the need for this motion. Opp'n 8. This Court has already noted that "it is not unreasonable for counsel to continue to accrue some limited fees after an offer of judgment, including those associated with litigation of a fee motion." Dkt. No. 45, at 7. And it is settled Ninth Circuit law that an FDCPA plaintiff may recover reasonable fees for "time spent in establishing the entitlement to and amount of the fee." *Camacho*, 523 F.3d at 981 (citation omitted). Defendants have failed to show that 1.5 hours expended on a motion for attorney's fees is unreasonable.

10

Case No.: 10-CV-02825-LHK
ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR ATTORNEY'S FEES AND COSTS

Defendants seek to exclude one hour billed by Mr. Schwinn to review his law firm's bills. The Court finds that this time was spent "establishing the entitlement to and amount of the fee" and is therefore recoverable. *Id.*; *see also D'Emanuele v. Montgomery Ward & Co.*, 904 F.2d 1379, 1387-88 (9th Cir. 1990); *Minor v. Christie's, Inc.*, 08-CV-054452011, U.S. Dist. LEXIS 9219, at *18 (N.D. Cal. Jan. 28, 2011).

Finally, Defendants seek to exclude "smaller time entries by plaintiff's attorney in his billing (i.e., .10 and .20 entries) for various tasks at his high hourly rate which also would not have been necessary had plaintiff's counsel been more reasonable and focused in his litigation strategy." Opp'n 8. They request that Plaintiff's fees be reduced an additional $320.00 without stating which of these time entries is unreasonable or why. *Id.* Plaintiff's attorneys' records show 56 entries of 0.10 hours each charging $350 per hour over the course of this litigation, costing a total of $1,960. Schwinn Decl., Ex A. Although consolidating some tasks billed individually in "discrete six-minute increments" would have been "more reasonable," *Bretana v. Int'l Collection Corp.*, 07-CV-5934 JF, 2010 U.S. Dist. LEXIS 68872, *15-16 (N.D. Cal. June 17, 2010), Plaintiff's attorney here has already written off 3.9 hours in entries for 6-minute tasks. *See* Schwinn Decl., Ex. A. The Court finds that it is reasonable for Plaintiff to claim the remaining 5.6 hours, given that her attorney has already reduced the hours represented by these small tasks by 41 percent. *Cf. Bretana*, 2010 U.S. Dist. LEXIS 68872, at *17 (reducing hours billed by one-third, in part because Plaintiff's attorneys had billed for 6-minute tasks).

*Lodestar.* Thus, with the exception of .4 hours that Plaintiff's attorney would have spent attending the vacated hearing on the motion for attorney's fees originally scheduled for August 11, 2011, the Court finds that the hours Plaintiff claims are reasonable. As such, the Court will calculate the lodestar as follows:

| Attorney | Rate | Hours | Total |
| --- | --- | --- | --- |
| Fred W. Schwinn | $325 per hour | 3.8 | $1,235 |
| Fred W. Schwinn | $350 per hour | 45.4 | $15,890 |
| Raeon R. Roulston | $250 per hour | 1.5 | $375 |

11

Case No.: 10-CV-02825-LHK
ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR ATTORNEY'S FEES AND COSTS

The total lodestar is therefore $17,500 ($1,235 + $15,890 + $375).

*Across the Board Percentage Reduction of Lodestar.* Alternatively, Defendants appear to request that the Court apply an "across the board" percentage reduction in the lodestar amount, applying the relevant factors in *Kerr v. Screen Extras Guild, Inc.* 526 F.2d 67, 70 (9th Cir. 1975). *See* Opp'n 3, 4. Defendants suggest that the Court consider "(1) the time and labor required, (2) the novelty and difficulty of the question involved, and (3) the skill requisite to perform the legal service properly." *Id.* (citing Kerr, 526 F.2d at 69-70). Defendants also urge that "'the extent of plaintiff's success' and the 'results obtained' are 'crucial factors' in determining the proper amount of fees." *Id.* (citing *Cunningham v. County of L.A.*, 879 F.2d 481, 487-89 (9th Cir. 1988)).

The Court begins with the presumption that the lodestar amount is reasonable. *Ferland v. Conrad Credit Corp.*, 244 F.3d 1145, 1149 n.4 (9th Cir. 2001). Moreover, Defendants have the "burden of . . . challenging the accuracy and reasonableness" of the lodestar figure. *Gates*, 987 F.2d at 1397-98. The Court finds that Defendants have failed to meet their burden and that the circumstances here do not warrant an across the board percentage reduction in the lodestar figure. The Court rejects Defendants' request for a percentage reduction for the same reason it denied all of Defendants' requested reductions in the reasonable hours, *supra*.[3] Moreover, on the "crucial factors," Plaintiff was able to obtain a settlement that gave her the full relief under the statute, including *attorney's fees and costs* had she litigated the matter to final judgment, she was substantially successful in her motion to strike, and she survived Defendants' motion to dismiss. Accordingly, the Court declines to apply an across the board percentage reduction to the lodestar amount.

---

[3] To the extent the Court reduced the reasonable hours in its lodestar calculation, this was not at Defendants' request, but on the Court's finding that the hours claimed for attending a vacated hearing would be unreasonable.

12

Case No.: 10-CV-02825-LHK
ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR ATTORNEY'S FEES AND COSTS

### III. Conclusion

For the foregoing reasons, the Court GRANTS Plaintiff's motion in part and DENIES it in part. The Court awards Plaintiff $17,500 in attorney's fees and $508.01 in costs, for a total award of $18,008.01.

**IT IS SO ORDERED.**

Dated: August 19, 2011



LUCY H. KOH
United States District Judge

Case No.: 10-CV-02825-LHK
ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR ATTORNEY'S FEES AND COSTS